Michael A. Mugmon (CA SBN 251958)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
Email: michael.mugmon@wilmerhale.com

[Additional counsel on signature page.]

*Counsel for Defendants Eric A. Benhamou, Richard D. Daniels, Alison Davis, Roger F. Dunbar, Joel P. Friedman, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, John F. Robinson, Garen K. Staglin, and Scale Venture Partners*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN ROSSI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>    v.<br><br>GREG W. BECKER, DANIEL J. BECK, ROGER F. DUNBAR, KAREN HON, ERIC A. BENHAMOU, JOHN S. CLENDENING, RICHARD D. DANIELS, ALISON DAVIS, JOEL P. FRIEDMAN, JEFFREY N. MAGGIONCALDA, BEVERLY KAY MATTHEWS, MARY J. MILLER, KATE D. MITCHELL, JOHN F. ROBINSON, GAREN K. STAGLIN, KPMG LLP, BENHAMOU GLOBAL VENTURES, LLC, FIFTH ERA, LLC, AND SCALE VENTURE PARTNERS,<br><br>    Defendants. | Case No. 3:23-cv-2335<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1452**<br><br>[Removed from Santa Clara Superior Court, Case No. 23-cv-414120] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Eric A. Benhamou, Richard D. Daniels, Alison Davis, Roger F. Dunbar, Joel P. Friedman, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, John F. Robinson, Garen K. Staglin, and Scale Venture Partners ("Defendants") hereby remove Case No. 23-cv-414120, currently pending in the Superior Court of the State of California, County of Santa Clara, and all claims and causes of action therein (the "Action"), to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1334(b) and 1452(a). As grounds for removal, the Defendants state as follows:

## JURISDICTION

1. This Action may be removed under 28 U.S.C. § 1452(a) because it is "related to" a pending case under Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). This Court therefore has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b).

2. This Court is part of the "district and division" embracing the place where this Action was filed—in San Jose, in Santa Clara County, California. *See* 28 U.S.C. § 84(a); Fed. R. Bankr. P. 9027(a).

## PROCEDURAL HISTORY

3. On March 17, 2023, SVB Financial Group ("SVBFG") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code. A copy of the petition is attached hereto as Exhibit 1.

4. On April 14, 2023, plaintiff Stephen Rossi, individually and on behalf of all others similarly situated ("Plaintiff"), filed a complaint entitled *Rossi et al. v. Becker et al.* ("Complaint" or "Compl.") in the Superior Court of the State of California, County of Santa Clara ("Action"), which named as defendants Greg W. Becker, Daniel J. Beck, Roger F. Dunbar, Eric A. Benhamou, John S. Clendening, Richard D. Daniels, Alison Davis, Joel P. Friedman,

1   Karen Hon, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell,

2   John F. Robinson, Garen K. Staglin, KPMG LLP, Benhamou Global Ventures, LLC, Fifth Era,

3   LLC, and Scale Venture Partners.  A copy of the Complaint is attached hereto as Exhibit 2-D.

4         5.   The Complaint relates to the registration statement and prospectus filed on March

5   17, 2021 and March 18, 2021 in connection with shares to be issued for a transaction in which

6   Silicon Valley Bank ("SVB"), a wholly-owned subsidiary of SVBFG, acquired and merged with

7   Boston Private (the "Merger").  Compl. ¶ 1.

8         6.   Pursuant to the Merger, each shareholder of Boston Private stock had the right to

9   receive $2.10 in cash and 0.0228 shares of SVB common stock.  Compl. ¶ 3.  The SVB common

10  stock is herein referred to as the "Subject Security."

11        7.    The Complaint alleges that former Boston Private shareholders received

12  approximately 1.9 million shares of the Subject Security pursuant to offering documents that

13  contained false and misleading statements of material fact and omitted material facts necessary

14  to make the statements not misleading in violation of Sections 11, 12, and 15 of the Securities

15  Act of 1933.  Compl. ¶¶ 3-4, 172-95.

16        8.   No discovery has taken place in connection with the Action.

17        9.   Defendants' time to respond to the Complaint has not expired, and Defendants

18  have not pled, answered, or otherwise generally appeared in the Action.

19        10.   No motions or other proceedings are pending in the Action.

**TIMELINESS OF REMOVAL**

21        11.   On March 17, 2023, SVBFG filed a voluntary petition for relief under chapter 11

22  of title 11 of the United States Code in the United States Bankruptcy Court for the Southern

23  District of New York.  *See In re SVB Financial Grp.*, No. 23-10367 (MG) (Bankr. S.D.N.Y. filed

24  Mar. 17, 2023) ("SVBFG Bankruptcy Case").  As discussed (*infra* ¶¶ 13-21), each of the claims

25  asserted in the Action is "related to" the SVBFG Bankruptcy Case within the meaning of 28

26  U.S.C. § 1334(b).  This Court accordingly has original jurisdiction over the Action, thus

providing a basis for removal under 28 U.S.C. § 1452(a).  Under the Federal Rules of Bankruptcy Procedure, where, as here, the civil litigation is filed after the bankruptcy case to which it relates is commenced, the notice of removal must be filed within the shorter of "(A) 30 days, after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons." Fed. R. Bankr. P. 9027(a)(3).  Defendants have not been served.  They have removed the Action within 30 days of the filing of the Action and, thus, within 30 days of their receipt of the Complaint.  Therefore, removal is timely under Rule 9027.

12. To the extent applicable, removal of this Action also is timely under 28 U.S.C. § 1446(b), which provides that a notice of removal of a civil action shall be filed within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  As noted, Defendants have not been served and have removed the Action within 30 days of the filing of the initial pleading in this Action.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(A)
("RELATED-TO" BANKRUPTCY JURISDICTION)**

13. Removal is proper under 28 U.S.C. §§ 1452(a) and 1334(b) because the Action is "related to" the SVBFG Bankruptcy Case.

14. Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1334(b) confers jurisdiction upon this Court of all civil proceedings that are "related to cases under" the Bankruptcy Code.  This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), and this Action may therefore be removed to this Court by Defendants pursuant to 28 U.S.C. § 1452(a) because the Action is "related to" the SVBFG Bankruptcy Case.

15. This Action is "related to" the SVBFG Bankruptcy Case because it could conceivably affect SVBFG's bankruptcy estate in multiple respects. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005) (a civil action is "related to" a bankruptcy case if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*" (emphasis in original)); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate."); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (1995) ("Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth."). Here, findings of fact or judgments in favor of or against any of the Defendants could impact SVBFG's rights and liabilities and could impact the handling and administration of the bankruptcy estate. As explained below, all of the Defendants are entitled to indemnification by SVBFG with respect to the claims asserted in the Action and those same Defendants also have statutory claims for contribution from SVBFG for claims arising from this Action. Any decision in this Action affecting SVBFG's indemnification or contribution obligations may impact the administration of the bankruptcy estate. Further, a judgment against any of the Defendants could also implicate certain insurance policies obtained by SVBFG for its directors and officers that provide coverage for this Action, and thereby potentially affect the administration of the bankruptcy estate.

16. This Action is "related to" the SVBFG Bankruptcy Case because Plaintiff's claims against the Defendants are subject to indemnification pursuant to SVBFG's Amended and Restated Bylaws. Article Eight of the Amended and Restated Bylaws of SVBFG imposes broad indemnification obligations on SVBFG with respect to claims against the Defendants, including obligations to pay attorneys' fees and other defense costs. *See* Exhibit 3 (SVBFG Amended and Restated Bylaws of SVBFG) Article VIII § 1 (requiring SVBFG to indemnify directors and officers "to the fullest extent permitted by the [Delaware General Corporations Law] or other

applicable law" for "any threatened, pending or completed action, suit or proceeding"); *see also* 8 Del. Code § 145 (statutory indemnification provision).

17. This type of indemnification arrangement confers "related to" bankruptcy jurisdiction. *Cobalt Partners, LP v. Sunedison, Inc.*, 2016 WL 4488181, at *4 (N.D. Cal. Aug. 26, 2016) (finding that "[t]he indemnification rights of the individual defendants give rise to 'related to' jurisdiction"). Numerous courts in the Ninth Circuit have held that an action is "related to" a bankruptcy case where there is an indemnification agreement between the defendant in the action and a debtor, even if the defendant is not guaranteed indemnification. *See Carpenters Pension Tr. for S. Cal. v. Ebbers*, 299 B.R. 610, 613 (C.D. Cal. 2003) ("The Ninth Circuit views 'related to' jurisdiction broadly, and the indemnification agreements here are sufficient to trigger federal subject matter jurisdiction, even if the indemnification is not automatic."); *see also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,* 447 B.R. 302, 310-11 (C.D. Cal. 2010) (indemnity provisions in mortgage loan purchase agreements); *Dexia Holdings, Inc. v. Countrywide Fin. Corp.,* 2011 WL 13130899, at *1 (C.D. Cal. Nov. 8, 2011) (same). In an analogous Securities Act case, Judge Alsup of the Northern District of California found that similar indemnification rights set forth in a company's Articles of Incorporation were sufficient to confer "related to" jurisdiction where they required the company to indemnify individual defendants as to any "pending" action "to the full extent authorized or permitted by law," including as to attorney's fees, and where defendants' rights to advancement of such fees had accrued under Delaware law. *Cobalt Partners*, 2016 WL 4488181, at *4 (citing *In re RNI Wind Down Corp.*, 369 B.R. 174, 186 (Bankr. D. Del. 2007)).

18. This Action also is "related to" the SVBFG Bankruptcy Case because the Defendants have claims against SVBFG for statutory contribution for Plaintiff's claims arising under Section 11 of the Securities Act of 1933. Section 11(f) (codified at 15 U.S.C. § 77k(f)) provides that "every person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have

been liable to make the same payment, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation." *AmeriPride Servs. Inc. v. Texas E. Overseas Inc.*, 782 F.3d 474, 485 n.7 (9th Cir. 2015) (quoting 15. U.S.C. § 77k(f)(1)). Courts repeatedly have held that such statutory contribution claims confer "related to" bankruptcy jurisdiction. *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018); *see also In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 321 (S.D.N.Y. 2003) (finding that state court action was "related to" bankruptcy case "[b]ecause the effect of contribution claims [pursuant to 15 U.S.C. § 77k(f)(1)] on the bankruptcy estate is at the very least 'conceivable'"), *aff'd*, 368 F.3d 86 (2d Cir. 2004).

19. This Action likewise is "related to" the SVBFG Bankruptcy Case because the Defendants have an implied right of contribution against SVBFG for Plaintiff's claims arising under Section 12 of the Securities Act of 1933. *See In re National Mortg. Equity Corp. Mortg. Pool Certificates Sec. Litig.*, 682 F. Supp. 1073, 1092 (C.D. Cal. 1987) ("[c]ourts have recognized implied rights of contribution under … § 12(2)"); *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, 1383 (N.D. Cal. 1980) ("a party is permitted to receive contribution, even if found to have violated § 10(b), Rule 10b-5, § 17(a), and § 12(2)… Accordingly, contribution is permitted under federal law." (internal citations omitted)). *But see Pinter v. Dahl*, 486 U.S. 622, 630, n.9 (1988) (expressing "no view as to whether a right of contribution exists under § 12(1)").

20. This Action also is "related to" the SVBFG Bankruptcy Case because the Defendants and SVBFG are subject to potential joint and several liability for Plaintiff's claims arising under Section 15 of the Securities Act of 1933. *See Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 674 (9th Cir. 1980) (construing 15 U.S.C. § 77k(f) to subject controlling persons who were found liable under 15 U.S.C. § 77o to statutory contribution); *see also In re First All. Mortg. Co.*, 269 B.R. 449, 454 (C.D. Cal. 2001) ("Here, the suits against the Individual Defendants are 'related to' the bankruptcy proceeding because

First Alliance and the Individual Defendants could become joint and severally liable for the damages in those cases.").

21. Finally, this Action is "related to" the SVBFG Bankruptcy Case because defendants, as SVBFG's current and former officers and directors, are insured under certain director and officer liability insurance policies obtained by SVBFG that provide coverage for this Action. Defendants do not believe that the proceeds of the policies are property of SVBFG's bankruptcy estate, but out of an abundance of caution they have filed a motion in bankruptcy court for relief from the automatic stay in bankruptcy to the extent necessary for the insurers to pay the defense costs of Defendants. *See* Motion for Entry of an Order Allowing for the Advancement and Payment of Defense Costs of Insureds Pursuant to D&O Policies (*In re SVB Financial Group*, Case No. 23-10367 (Bankr. S.D.N.Y.), Dkt. 147) ("Motion"), which is attached as Exhibit 4. Accordingly, The outcome of this case could potentially affect the bankruptcy court's administration of the bankruptcy estate. *See Kennilworth Partners II LP v. Crisman*, 2001 WL 30534, at *3 (N.D. Cal. Jan. 3, 2001) (plaintiff's claims were related to bankruptcy proceeding where "any recovery by plaintiff would be subject to defendants' indemnification claims under Applied Magnetics' bylaws and claims for coverage under the company's directors and officers insurance policy").

**SECTION 22(A) OF THE SECURITIES ACT OF 1933 DOES NOT BAR REMOVAL**

22. Plaintiff's claims under the Securities Act do not render this Action non-removable under the "removal bar" provision of Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a) ("Section 22(a)"). Section 22(a) precludes the removal of actions under the general removal statute, 28 U.S.C. § 1441(a), but "does not prevent removal based on other grounds." *Pacific Life Ins. Co. v. J.P. Morgan Chase & Co.*, 2003 WL 22025158, at *2 (C.D. Cal. June 30, 2003).

23. Plaintiff's claims are removable under 28 U.S.C. § 1452 notwithstanding the removal bar of Section 22(a) as Section 1452(a) "trumps Section 22(a)'s removal bar." *Cobalt Partners*, 2016 WL 4488181, at *5; *see also California Pub. Emps.' Ret. Sys. v. Worldcom, Inc.*,

368 F.3d 86, 108 (2d Cir. 2004) ("[G]enerally nonremovable claims brought under the Securities Act of 1933 may be removed to federal court if they come within the purview of 28 U.S.C. § 1452(a), which confers federal jurisdiction over claims that are related to a bankruptcy case."); *accord Federal Home Loan Bank of S.F. v. Deutsche Bank Sec., Inc.*, 2010 WL 5394742, at *6 (N.D. Cal. Dec. 20, 2010); *Carpenters Pension Tr. for S. Cal.*, 299 B.R. at 613-615.

**RELATED CASES**

24.  This Action is related to five civil actions currently pending in the U.S. District Court for the Northern District of California:

  a)  *Vanipenta v. SVB Financial Group et al.*, Case No. 3:23-cv-01097-JD (filed Mar. 13, 2023)

  b)  *Snook v. SVB Financial Group, et al.*, Case No. 3:23-cv-01173-JD (filed Mar. 15, 2023)

  c)  *Siddiqui v. Becker, et al.*, Case No. 3:23-cv-01228-JD (filed Mar. 17, 2023)

  d)  *City of Hialeah Employees' Retirement System, et al. v. Becker, et al.*, Case No. 3:23-cv-01697-AMO (filed Apr. 7, 2023)

  e)  *International Union of Operating Engineers Local 132 Pension Fund v. SVB Financial Group, et al.*, Case No. 3:23-cv-01962-TLT (filed Apr. 24, 2023)

  f)  *Stevenson et al. v. Becker et al.*, Case No. 3:23-cv-02277 (filed May 10, 2023)

**PROCEDURAL REQUIREMENTS AND LOCAL RULES**

25.  As required by Fed. R. Bankr. P. 9027(a)(1), Defendants state that they do not consent to entry of final order of judgment by any bankruptcy judge.

26.  As required by 28 U.S.C. § 1446(a) and Fed. R. Bankr. P. 9027(a)(1), copies of all process or pleadings are attached hereto as Exhibit 2.

27.  Pursuant to 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(b), written notice of the filing of this Notice of Removal and a copy thereof will be given to all parties.

28.  Consent to removal is not required under the bankruptcy removal statute. *See* 28 U.S.C. § 1452(a). Nonetheless, all non-dismissed defendants named and/or served in this Action consent to the removal of this Action.

29. The Defendants sign this Notice of Removal under Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011.

30. The Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement" of the grounds for removal. Fed. R. Bankr. P. 9027(a)(1).

## CONCLUSION

31. This Court has original jurisdiction over this Action under 28 U.S.C. § 1334(b), and this Action is removable under 28 U.S.C. § 1452(a).

Dated: May 12, 2023                    Respectfully Submitted,

*/s/ Michael A. Mugmon*
Michael A. Mugmon (CA SBN 251958)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
Email: michael.mugmon@wilmerhale.com

Michael G. Bongiorno (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: michael.bongiorno@wilmerhale.com

Timothy J. Perla (*pro hac vice* forthcoming)
Erika M. Schutzman (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Email: timothy.perla@wilmerhale.com
Email: erika.schutzman@wilmerhale.com

*Counsel for Defendants Eric A. Benhamou, Richard D. Daniels, Alison Davis, Roger F. Dunbar, Joel P. Friedman, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, John F. Robinson, Garen K. Staglin, and Scale Venture Partners*